IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Richard Simmons, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 8:13-cv-1862-JMC-JDA |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion to dismiss. [Doc. 12.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on July 3, 2013.[1] [Doc. 1.] On September 3, 2013, Respondent moved to dismiss this action for failure to exhaust state remedies. [Doc. 12.] On September 4, 2013, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion to dismiss procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 13.] Petitioner did not file a response to the Motion. Having reviewed the Motion and the record, the Court agrees with Respondent that this matter should be

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on July 3, 2013. [Doc. 1-1 (envelope marked as received by prison mailroom on July 3, 2013).]

dismissed without prejudice for failure to exhaust state court remedies.  Petitioner may refile this action once his PCR appeal is completed.

## BACKGROUND

In October 2004, Petitioner was indicted for first degree burglary and murder.  [App. 454–57.][2]   Plaintiff went to trial on November 13-17, 2006, represented by Gene Hood. [App. 1.]  On November 17, 2006, a jury found Petitioner guilty of both charges.  [App. 442.]  Petitioner received a sentence of life imprisonment.  [App. 452.]

**Direct Appeal**

Petitioner appealed his sentence, and his appellate counsel filed an *Anders* brief and a petition to be relieved as counsel on March 17, 2010.  [Doc. 11-5.]  On June 8, 2011, the Court of Appeals dismissed the appeal, and on June 28, 2011, the court issued remittitur.  [Docs. 11-7, 11-8.] Petitioner did not file a motion for rehearing.

**PCR Application**

Petitioner filed a pro se application for post-conviction relief ("PCR") on September 7, 2011.   [Doc. 11-9.]   Petitioner asserted several grounds for relief: "numerous deficiencies (will amend at later date)"; "failure to file Massiah motion"; and "failure to object to jury instruction on malice." [*Id*. at 3.]  On April 1, 2013, the PCR court held a hearing on Petitioner's PCR application [Doc. 11-11], and Petitioner was represented at the hearing by Charlie J. Johnson.  The PCR court issued an order denying Petitioner's application on April 30, 2013.  [Doc. 11-12.]  Petitioner timely filed a notice of appeal.  [Doc. 11-13.] The PCR appeal is still pending in the state court. [*See* Doc. 11-14.]

---

[2] The Appendix can be found at Docket Entries 11-1 through 11-3.

**Petition for Habeas Corpus**

On July 3, 2013, Petitioner filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner asserts ineffective assistance of counsel as his ground for relief, alleging that "trial counsel was ineffective for failing to request an alibi jury instruction" and "for failing to investigate Applicant's alibi witness."  [*Id*. at 5–7.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se Petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Habeas Corpus**

*Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*

134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas

corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that

court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly.  Rather, that application must

also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as

'fairminded jurists could disagree' on the correctness of the state court's decision," and

"even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court

factual determinations are presumed to be correct, and the petitioner has the burden of

rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

*Procedural Bar*

4

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)   (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance

> upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3]  Further, strict time deadlines govern direct appeal and the filing

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

## DISCUSSION

**Respondent's Motion to Dismiss**

Respondent argues that the Petition should be denied because Petitioner has not exhausted his state court remedies.  The Court agrees.  Under § 2254(b)(1)(A), a petitioner must exhaust his state court remedies before filing a petition for habeas relief in this Court.  In South Carolina, a petitioner exhausts his state court remedies by presenting his claims to the South Carolina Supreme Court.  *See Matthews*, 105 F.3d at 911.  Petitioner's state court remedies are not exhausted because the South Carolina Supreme Court has not issued an order regarding Petitioner's appeal of the denial of his PCR application.

Therefore, pursuant to § 2254(b), the Court cannot consider the Petition, and the Court recommends that the Petitioner be dismissed without prejudice.  Petitioner has not filed a response to the Motion and thus does not appear to contest Respondent's request for dismissal.  Moreover, Respondent has conceded that Petitioner has 289 days remaining in his AEDPA statute of limitations calculation and that his time is currently tolled due to his PCR appeal. [Doc. 11 at 9.] Therefore, Petitioner has ample time to file his federal habeas petition after the state court has concluded his appeal.  There is no prejudice to Petitioner in dismissing this Petition without prejudice, and doing so upholds the important notions of comity and finality in the state courts before federal habeas review.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion to dismiss be GRANTED and the Petition be DENIED without prejudice to refile.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 21, 2014
Greenville, South Carolina